**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JACQUES L. GIBBLE, et al.** | : | |
| *Plaintiff(s)* | : | |
| | : | |
| v. | : | **CIVIL NO. 22-4992** |
| | : | |
| **SECRETARY OF U.S. DEPARTMENT OF** | : | |
| **HOUSING AND URBAN** | : | |
| **DEVELOPMENT, et al.** | : | |
| *Defendant(s)* | : | |

**MEMORANDUM**

The motion to dismiss filed by the Secretary of U.S. Department of Housing and Urban Development (the "Government" or "HUD") is granted. Although the Court retains statutory jurisdiction over this case, it is dismissed on mootness grounds.

**I.    BACKGROUND**

Jacques L. Gibble and Virginia Gibble ("Plaintiffs") originally filed this lawsuit on December 15, 2022, under the Quiet Title Act. 28 U.S.C. § 2409a; ECF No. 1 ¶ 3. On October 26, 2023, Plaintiffs filed an Amended Complaint, naming the Estate of John Myers and its known living heirs as defendants. See ECF No. 14 [hereinafter "Am. Compl."]. This Court dismissed the additional defendants, so only the Government remains in this case. ECF No. 41.

Plaintiffs' suit against the Government seeks quiet title to real property that they claim to possess through adverse possession. Am. Compl. ¶ 60-72. The real property is located at 26 School House Road in Lancaster, Pennsylvania (the "Property"). *Id*. ¶ 2. The Myers—the titleholders of the Property before they died—granted a home equity conversion mortgage on the Property to a private lender. ECF No. 16 at 5 [hereinafter "Mot. to Dismiss"]. HUD insured the mortgage pursuant to a program for elderly homeowners. *Id*. Around the same time, the Myers

1

granted a second home equity conversion mortgage to HUD. *Id*. at 5-6. The first home equity

conversion mortgage was eventually assigned to HUD on January 4, 2016. *Id*. at 6. On October

31, 2023—just five days after Plaintiffs filed their Amended Complaint—HUD assigned its

interest in the Property to a private lender. *Id*. Thus, HUD no longer has any interest in the

Property.

Given that HUD has no interest in the Property, HUD moved to dismiss Plaintiffs'

Amended Complaint for lack of jurisdiction under 28 U.S.C. Section 2409a, or alternatively, on

mootness grounds under Federal Rule of Civil Procedure 12(b)(1). The Court dismisses this case

on mootness grounds.

## II.    DISCUSSION

Under 28 U.S.C. Section 2409a(a), the "United States may be named as a party defendant

in a civil action under this section to adjudicate a disputed title to real property in which the

United States claims an interest . . .". However, Section 2409a(e) provides that "[i]f the United

States disclaims all interest in the real property or interest therein adverse to the plaintiff at any

time prior to the actual commencement of the trial, which disclaimer is confirmed by order of the

court, the jurisdiction of the district court shall cease unless it has jurisdiction of the civil action

or suit on ground other than and independent of the authority conferred by section 1346(f) of this

title."

However, the inquiry does not stop there. Section 2409a(a) also states that "[t]his section

does not apply to trust or restricted Indian lands, nor does it apply to or affect actions which may

be or could have been brought under sections 1346, 1347, 1491, or 2410 of this title . . .". 28

U.S.C. Section 2410(a)(1) states that "the United States may be named a party in any civil action

or suit in any district court . . . to quiet title to . . . real or personal property on which the United

2

States has or claims a mortgage or other lien." Plaintiffs and the Government argued extensively over the applications of both statutes and whether this Court has jurisdiction. They are both half right.

Plaintiffs are right that the Government cannot oust this Court of jurisdiction under Section 2409a(e) in this case. ECF No. 17 at 5 [hereinafter "Pls.' Resp."]. Section 2409a(e) does not strip this Court of jurisdiction because Section 2409a(a) states that Section 2409a overall does not apply to or affects actions "which may be or could have been brought under [Section] . . . 2410 of this title." Although Plaintiffs pleaded Section 2409a—not Section 2410—as the basis for jurisdiction of this lawsuit, Section 2409a(a)'s statutory language does not require that a plaintiff actually cite Section 2410 in its complaint for it to apply. See 28 U.S.C. § 2409a(a) (". . . nor does it apply to or affect actions which may be or *could have been brought* under sections 1346, 1347, 1491, or 2410 of this title"); *see e.g.*, *Love v. United States*, 503 F. App'x 747 (11th Cir. 2013) (assessing plaintiff's claim under both Sections 2409a and 2410, despite his complaint only citing the former); Am. Compl. ¶ 15. Here, Plaintiffs' lawsuit very well could have been brought under Section 2410(a)(1) because they sued HUD seeking quiet title to the Property, which HUD had an interest in via a home equity conversion mortgage at the time Plaintiffs filed their lawsuit.

Plaintiffs cited *Kabakjian v. United States* to support their argument that this Court has statutory jurisdiction. 267 F.3d 208 (3d Cir. 2001); Pls.' Resp. at 5-6. In *Kabakjian*, the plaintiffs sought equitable relief against the Government for quiet title to their property, as well as money damages for wrongful seizure of property and failure to release liens. *Kabakjian*, 267 F.3d at 210. The Government seized and sold the plaintiffs' property before the suit was filed, but it maintained federal tax liens on the plaintiffs' property. *Id.* at 211. Only after the lawsuit had

3

already commenced did the Government release the tax liens on the property. *Id*. The Third

Circuit explained that, generally, jurisdiction is determined at the time the lawsuit is filed, and

the district court had statutory jurisdiction because plaintiffs filed their lawsuit after the

Government had seized and sold the plaintiffs' property but before it released the tax liens. *Id*. at

212. Furthermore, the Court observed that Congress chose not to add a jurisdiction stripping

provision in Section 2410 (unlike Section 2409a), and Section 2409a did not apply to actions that

could have been brought under Section 2410. *Id*. Here, given that Plaintiffs could have brought

this case under Section 2410 against the Government, coupled with the fact that Section 2410

intentionally does not contain a jurisdiction stripping subsection (unlike Section 2409a), this

Court maintains statutory jurisdiction over this case.

However, Defendants are ultimately right that this case should nonetheless be dismissed.

Mot. to Dismiss at 8-9. Even though this Court retains statutory jurisdiction pursuant to Sections

2409a(a) and 2410, the lawsuit against the Government should still be dismissed on mootness

grounds under Rule 12(b)(1) because this Court cannot grant Plaintiffs' demand to quiet title

against the Government, which retains no interest in the Property.

In *Snyder v. United States*, the plaintiffs filed suit against the IRS, seeking both quiet title

under Section 2410 to their properties and money damages under the Internal Revenue Code.

260 F. App'x 488, 489 (3d Cir. 2008). The IRS had not seized nor sold the plaintiffs' properties,

but rather it had tax liens on the property at the time plaintiffs filed suit. *Id*. at 490. The IRS

released the liens after the lawsuit began. *Id*. at 490. The Third Circuit agreed with the district

court's reasoning, which found that it still had jurisdiction under Section 2410, but the quiet title

portion of the lawsuit was moot because the IRS had released its liens on the properties since the

lawsuit's commencement. *Id*. ("Once the IRS released the liens, the District Court could provide

no other relief to Appellants with respect to their § 2410 quiet-title claim."). The Court distinguished the plaintiffs' request for monetary damages and found that particular claim justiciable because a court could still order the monetary relief. *Id*. at 491, n.3 ("The lack of any possible relief under § 2410 therefore distinguishes this case from the prior decisions cited by Appellants. In these prior decisions, the IRS had actually seized and sold the properties in question, and the taxpayers accordingly requested that the district court void both the seizures and the subsequent transfers to third parties. *See Kabakjian*, 267 F.3d at 209-10, 213; *Aqua Bar & Lounge, Inc. v. United States*, 539 F.2d 935, 935 (3d Cir.1976). In this case, the IRS never seized nor sold Appellants' property, which they now appear to hold free and clear of any federal property interest.").

Unlike *Kabakjian* and like *Snyder*, the Government here never sold Plaintiffs' contested Property, and the Government is free of any interest in the Property since it assigned the mortgage to a private lender. Plaintiffs seek only equitable relief to quiet title and no monetary damages. Thus, even if this Court found in Plaintiffs favor on the substantive underlying claim, ordering quiet title to the Property against the Government would be meaningless and inconsequential given that the Government no longer has any interest in the Property. Therefore, the claim against the Government should be dismissed on mootness grounds.

### III.  CONCLUSION

Per the language of Sections 2409a(a) and 2410, this Court does have statutory jurisdiction over the case. However, the Court dismisses the Amended Complaint on mootness grounds under Rule 12(b)(1).

5

BY THE COURT:

HON. KAI N. SCOTT

United States District Court Judge